IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-0325-WS |
| | ) | |
| FAYAD BASSAM AZZAM, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

This matter comes before the Court on the defendant's Motion to Suppress Statements (doc. 13). The Motion has been briefed and is now ripe for disposition. There being no disputed facts or credibility determinations at issue, the Court takes the Motion to Suppress under submission without an evidentiary hearing.[1]

**I.     Background.**

Defendant, Fayad Azzam, was indicted in this District Court on charges of conspiring to enter into a fraudulent marriage to evade the immigration laws of the United States, in violation of 18 U.S.C. § 371, and of knowingly entering into a sham marriage to evade such immigration laws, in violation of 8 U.S.C. § 1325(c). Azzam, who is not a United States citizen, stands

---

[1]    The issues presented relate to defendant's contention that Department of Homeland Security agents were barred from questioning him outside the presence of counsel when they knew him to be a represented party in connection with his application for immigration benefits. Defendant did not request a hearing on the Motion, and none would be appropriate in any event because the Motion turns on questions of law. *See United States v. Raddatz*, 447 U.S. 667, 693, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (Stewart, J., dissenting) ("[D]istrict judges need not always hold evidentiary hearings in order properly to dispose of suppression motions. Although many motions to suppress turn on issues of credibility, many do not."); *United States v. Horne*, 2006 WL 2668919, *5 (11th Cir. Sept. 18, 2006) (no evidentiary hearing necessary on motion to suppress that presented questions of law concerning existence of probable cause for search warrant); *see generally United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion.").

accused of having fraudulently married his co-defendant, Julia Beatriz Castro, who is a United States citizen, for the purpose of evading federal immigration laws.

The pertinent facts, none of which have been contested, are recited in the parties' briefs as follows:[2] On December 2, 2011, the Clerk of Court issued an Arrest Warrant (doc. 5) commanding law enforcement agents to arrest Azzam on the charges in the Indictment (doc. 1), which had been filed nine days earlier. On December 6, 2011, agents contacted Azzam by telephone and inquired as to his location. Defendant refused to divulge his whereabouts, declined to meet with the agents, and indicated that he wanted to have his attorney present before answering any questions.[3] The case agent responded that that would be fine, and assured Azzam that he would ask no questions concerning the investigation. Later that evening, agents located Azzam and arrested him as he was attempting to leave his apartment surreptitiously. The agents did not coordinate the arrest with Azzam's attorney, nor did they invite his attorney to the scene of the arrest.

Following Azzam's arrest, the agents transported him to the Homeland Security Investigations office for processing. While in transit, Azzam volunteered to the case agent, Senior Special Agent Chris Anderson, that he would be willing to answer questions without his attorney present. It is undisputed that Azzam initiated this discussion. No questioning was conducted at that time. Upon arrival at the office, Azzam reiterated his willingness (this time in the presence of Anderson and two other HSI agents) to answer questions without his attorney present. Anderson then advised Azzam of his *Miranda* rights, including specifically his right to have counsel present during questioning. Azzam waived those rights, both orally and in

---

[2] Ordinarily, facts offered in support of or in opposition to a Motion to Suppress are submitted via affidavit, declaration or other exhibit. Here, however, both parties simply asserted facts in their briefs with no evidentiary support. Because the parties' submissions identify no disagreement as to any of these material facts, the Court will consider them as presented, despite the unexplained absence of supporting affidavits and exhibits to furnish a record basis for such facts.

[3] It is undisputed that Azzam notified the officers well before his arrest that he had an attorney. That attorney, Michael Kaoui, had represented Azzam in connection with his application for immigration benefits following his marriage to Castro. The Government does not deny that the agents were aware at all relevant times that Azzam was represented by counsel as to that administrative matter.

writing.[4]  In the ensuing interview, Azzam made certain statements concerning his relationship with Castro.  Defendant now seeks to suppress those statements on the ground that they were obtained in violation of his Sixth Amendment right to counsel.

## II. Analysis.

Defendant's Motion to Suppress is rooted in the Sixth Amendment, which confers upon him a right to "assistance of counsel during all critical stages of the criminal justice process." *Jones v. Walker*, 540 F.3d 1277, 1287 (11th Cir. 2008).  The post-indictment interview of Azzam conducted by agents at the HSI office pertaining to the offenses for which he had been indicted was an event to which Sixth Amendment rights plainly attached.  *See Patterson v. Illinois*, 487 U.S. 285, 290, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988) ("There can be no doubt that petitioner had the right to have the assistance of counsel at his postindictment interviews with law enforcement authorities.").  As a general matter, "[a]n accused is denied the basic protections of the Sixth Amendment when there is used against him at his trial evidence of his own incriminating words, which federal agents … deliberately elicited from him after he had been indicted and in the absence of his counsel." *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1216 (11th Cir. 2009) (citations and internal quotation marks omitted).  Azzam did not have the assistance of counsel during that interview.

But the uncounseled questioning of a defendant is not a *per se* violation of the Sixth Amendment.  Rather, "[t]he Sixth Amendment prohibits admission of statements deliberately elicited by the government from the defendant after adversary criminal proceedings have begun, unless the defendant's counsel is present **or the defendant waives his right to counsel**."  *United States v. Gunn*, 369 F.3d 1229, 1237 (11th Cir. 2004) (citation omitted and emphasis added).  Thus, "[a] Sixth Amendment violation occurs when (1) government agents (2) deliberately elicit incriminating statements from an accused after he has been indicted, outside the presence of counsel, and (3) in the absence of any waiver of his Sixth Amendment rights." *United States v.*

---

[4] As stated in the Motion to Suppress, "[t]he Defendant does not dispute that the agents at the time of the arrest did in fact read him the required *Miranda* warnings." (Doc. 13, ¶ 3.)  More generally, defendant does not challenge any aspect of the sequence of events described herein, including without limitation Azzam's statement to three agents that he was willing to answer questions without his attorney being present, Anderson's reading of his *Miranda* rights to him, and Azzam's written and oral waiver of same.

*Richitelli*, 2011 WL 334668, *5 (11th Cir. Feb. 3, 2011) (citing *Fellers v. United States*, 540 U.S. 519, 523-25, 124 S.Ct. 1019, 157 L.Ed.2d 1016 (2004)).

The critical point is that a defendant can waive his Sixth Amendment right to assistance of counsel at a post-indictment interview. Indeed, the Supreme Court has deemed it "beyond doubt that the Sixth Amendment right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent." *Montejo v. Louisiana*, 556 U.S. 778, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009). "The defendant may waive the right whether or not he is already represented by counsel; the decision to waive need not itself be counseled." *Montejo*, 129 S.Ct. at 2085. Typically, an ordinary *Miranda* waiver is sufficient for Sixth Amendment purposes. The rule is that, "[a]s a general matter …, an accused who is admonished with the warnings prescribed by … *Miranda* … has been sufficiently apprised of the nature of his Sixth Amendment rights, and of the consequences of abandoning those rights, so that his waiver on this basis will be considered a knowing and intelligent one." *Patterson*, 487 U.S. at 296; *see also Montejo*, 129 S.Ct. at 2085 ("when a defendant is read his *Miranda* rights (which include the right to have counsel present during interrogation) and agrees to waive those rights, that typically does the trick" to effect waiver of Sixth Amendment right to counsel during post-indictment questioning); *United States v. Gonzalez-Lauzan*, 437 F.3d 1128, 1139-40 (11th Cir. 2006) (assuming that attorney represented defendant at time of interview, defendant's participation in interview without presence of counsel did not violate Sixth Amendment where his *Miranda* waiver was knowing and voluntary).

Here, Azzam does not dispute that he agreed to a *Miranda* waiver before participating in uncounseled interrogation by Homeland Security agents following his arrest. He does not maintain that his waiver was not knowing, voluntary or intelligent. Instead, he suggests that his Sixth Amendment rights were violated because the agents knew he had an attorney, yet they did not notify his counsel and afford counsel an opportunity to appear at the questioning table with Azzam. But the mere fact that a defendant has counsel (and that the law enforcement agents know it) does not vitiate an otherwise valid *Miranda* waiver of a defendant's Sixth Amendment rights. *See Montejo*, 129 S.Ct. at 2086 & 2088 (rejecting defendant's assertion "that no *represented* defendant can ever be approached by the State and asked to consent to interrogation" and finding it "completely unjustified to presume that a defendant's consent to police-initiated interrogation was involuntary or coerced simply because he had previously been appointed a

lawyer"). The counseled/uncounseled distinction on which Azzam hangs his hat is one that the Supreme Court has waved aside. *See id.* at 2092 ("In determining whether a Sixth Amendment waiver was knowing and voluntary, there is no reason categorically to distinguish an unrepresented defendant from a represented one."). And the absence of counsel at the moment of the *Miranda* waiver does not undermine its validity. After all, "nothing in the Sixth Amendment prevents a suspect charged with a crime and represented by counsel from voluntarily choosing, on his own, to speak with police in the absence of an attorney." *Michigan v. Harvey*, 494 U.S. 344, 352, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990); *see also Montejo*, 129 S.Ct. at 2085 ("the decision to waive need not itself be counseled").

At best, defendant's argument appears to be that the questioning of Azzam without prior notice to his lawyer violates the immigration regulations of the Department of Homeland Security, as found at 8 C.F.R. § 292.5. As an initial matter, however, it does not appear that the agents' conduct violated the regulation.[5] Even if it did, defendant does not explain how (and there appears to be no legal support for the proposition that) a violation of § 292.5 takes on constitutional dimensions for purposes of the Motion to Suppress. In the face of the very clear precedent discussed *supra*, and the undisputed fact that Azzam orally and in writing waived his *Miranda* rights before the interview, there was no Sixth Amendment violation here. And an agency's noncompliance with its own regulations does not mandate suppression of evidence thereby obtained, absent a constitutional violation or congressionally created remedy, neither of which Azzam has shown. *See, e.g., United States v. Caceres*, 440 U.S. 741, 754-55, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979) ("In view of our conclusion that none of respondent's constitutional rights has been violated here, either by the actual recording or by the agency violation of its own regulations, our precedents enforcing the exclusionary rule to deter

---

[5] The regulation provides that "[w]henever a person is required by any of the provisions of this chapter … to perform or waive the performance of any act, such … performance [] or waiver shall be … requested of the attorney or representative of record." 8 C.F.R. § 292.5(a). The post-arrest questioning at issue in this case does not appear to have been "required by any of the provisions of this chapter," so subsection (a) would not apply. As for subsection (b), it simply provides that "[w]henever an examination is provided for in this chapter, the person involved shall have the right to be represented by an attorney." § 292.5(b). But the post-arrest questioning does not appear to be an examination "provided for in this chapter," and § 292.5(b) does not purport to prohibit waiver of that right to representation, in any event.

constitutional violations provide no support for the rule's application in this case.").[6] Accordingly, defendant's reliance on 8 C.F.R. § 292.5 does not bolster his Motion to Suppress, or entitle him to relief.

## III. Conclusion.

Fayad Azzam had a Sixth Amendment right to have his attorney present during post-indictment, post-arrest questioning. He chose to waive that right. Although he now may regret that choice, it does not give rise to a constitutional deprivation that may justify suppression of his statements.[7] Nothing in the circumstances and arguments presented by defendant raises an inference that his waiver was not knowing, voluntary or intelligent, or that was otherwise invalid. As such, there is no Sixth Amendment violation here. The Motion to Suppress Statements (doc. 13) is **denied**.

DONE and ORDERED this 20th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *See also United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009) ("the government's violation of its own rules does not provide a basis for the suppression of evidence in a criminal action"); *United States v. Kontny*, 238 F.3d 815, 818 (7th Cir. 2001) ("the federal exclusionary rule … does not extend to violations of statutes and regulations"); *United States v. Hinton*, 222 F.3d 664, 674-75 (9th Cir. 2000) ("suppression is not the appropriate remedy for a failure to follow agency regulations," and for suppression purposes "the relevant query is whether a constitutional right, not an agency regulation, has been violated"); *United States v. Michaud*, 860 F.2d 495, 499 (1st Cir. 1988) ("the law is clear that an IRS agent's violation of a regulation of this sort does not prevent prosecution and conviction of a defendant, nor does it require suppression of evidence"); *United States v. Boykoff*, 186 F. Supp.2d 347, 350 (S.D.N.Y. 2002) ("It has been the law for over two decades that violation of agency rules in the conduct of an investigation does not warrant suppression of evidence obtained during that investigation."); *United States v. Raven*, 103 F. Supp.2d 38, 41 (D. Mass. 2000) ("Suppression … is appropriate for the violation of constitutional rights but not for the violation of statutory or administrative rights. … If no constitutional rights are involved, suppression is inappropriate in the absence of statutory sanction.").

[7] "Although a defendant may sometimes later regret his decision to speak with police, the Sixth Amendment does not disable a criminal defendant from exercising his free will." *Harvey*, 494 U.S. at 353.